UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
**CASE NO. 3:06-MJ-230-R**

UNITED STATES OF AMERICA

V.

STEVEN D. GREEN                                                        DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on motion of the Defendant, Steven D. Green, to Restrain

Parties and Other Trial Participants from Making Extrajudicial Statements of Inflammatory or

Prejudicial Nature (Dkt. #14).  The United States responded (Dkt. # 18), Mr. Green replied (Dkt.

# 25), and this matter is now ripe for decision.  For the reasons set forth below, Defendant's

motion will be **DENIED**.

## BACKGROUND

Defendant's motion raised two separate, but related, issues.  It first raised issues with

respect to the conduct of the participants in the case, if an indictment should issue.  It also raised

issues with respect to the conduct of other government officials who might have opportunity to

comment publicly on the case, including Executive branch and military officials.  The motion

sought a so-called "gag order" which would bar all such persons "from making any

inflammatory or otherwise prejudicial extrajudicial statements to news media or the public."

(Proposed Order, Attachment # 1 to Dkt. # 14).  The order sought would specify that it "serve[d]

to restrain extrajudicial statements regarding the guilt or innocence of the defendant, the

appropriate sentence should he be convicted, any statements made by defendant to officials, the

invocation of any rights by defendant, the identity of prospective witnesses or their probable

testimony, the results of any mental or physical examinations, the results of scientific or medical

tests or experiments (including autopsies of any persons), statements concerning the merits of the

case, or any other prejudicial or inflammatory fact or matter not of public record."

## DISCUSSION

The United States, in opposition, argues with respect to the portion of the proposed order

which would restrain trial participants that Mr. Green has failed to make the required showing

that the circumstances in this case "meet the exacting 'clear and present danger' test for free

speech cases enunciated in *Near v. Minnesota*, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357

(1931)." *United States v. Ford*, 830 F.2d 596, 598 (6th Cir. 1987) (see also *CBS Inc. v. Young*,

522 F.2d 234 (6th Cir. 1975)).  The *Ford* court, quoting its earlier decision in *CBS Inc. v. Young*,

described the position of the trial judge in a case such as this one:

Every trial judge is charged with the primary responsibility of ensuring that the judicial
proceedings over which he presides are carried out with decorum and dispatch and thus has
every broad discretion in ordering the day-to-day activities of his court. ... Yet, as the authorities
demonstrate, any restrictive order involving a prior restraint upon First Amendment freedoms is
presumptively void and may be upheld only on the basis of a clear showing that an exercise of
First Amendment rights will interfere with the rights of the parties to a fair trial.

(*Id.* at 599, quoting 522 F.3d at 241).  Mr. Green has produced no evidence, indeed made no

suggestion, that any of the trial participants have made any statement about the case which could

even arguably be considered improper.  In the Court's experience with the United States

Attorneys' offices in the Western District of Kentucky, those personnel have been uniformly

observant of the requirements imposed upon them by statute (28 C.F.R. § 50.2(b)(2)) and the

relevant portion of the United States Attorney's Manual (§1-7.500).  The Court has no reason to

believe that the personnel involved in this case would behave otherwise, and Mr. Green in his

reply has acknowledged such, and agreed to proceed without an order applying to the trial

participants.

The second portion of Mr. Green's proposed order, respecting limitations on the speech of Executive branch and military officials, presents slightly different issues.  Mr. Green argues that comments from various officials, including President George W. Bush and Gen. Peter Pace, chairman of the Joint Chiefs of Staff, constitute "[s]trong and inflammatory opinion" and "present ... 'clear and imminent danger to the fair administration of justice.'" (Dkt. # 14, at 3) (quoting *CBS Inc. v. Young*, 522 F.2d at 240).

In response, the United States argues that (i) such an order would present separation-of-powers issues; (ii) the Court, based on Supreme Court precedent, does not have the authority to enter such an order; and (iii) even if there were circumstances that could justify such an order, those circumstances are not present in this case.  Although it is normally the Court's practice to address all the parties' arguments, even if made in the alternative, under these circumstances the Court will only base its ruling on the third argument.  The Court agrees with the United States that the comments of President Bush and Gen. Pace, when read in context, do not prejudicially impact Mr. Green's right to a fair trial.  Each was careful to word his comment or comments conditionally, and the Court finds that in such a context the statements are unproblematic.  It is beyond question that the charges against Mr. Green are serious ones, and that some of the acts alleged in the complaint are considered unacceptable in our society.  Therefore, such statements do not meet the standard required for a prior restraint on speech discussed above.  In so holding, the Court expresses no opinion on the first two of the government's arguments (i.e., whether separation-of-powers concerns or Supreme Court precedent would preclude this Court from entering an order like the one requested).  The Court believes that the decision of such a significant and complex issue would require much more argument and analysis than have been provided here.  To request that the parties provide this and to expend judicial resources on

deciding the issue when, ultimately, the facts would not support such an order, seems to the Court to be an ineffective use of both the parties' and the Court's resources.

## CONCLUSION

For these reasons, the Court declines to issue the order requested by the Defendant.  The Court takes very seriously its "primary responsibility" of preserving Mr. Green's right to a fair trial, and acknowledges the possibility that public statements could endanger or undermine that right.  However, the Court has no reason as of now to believe that the Defendant's right to a fair trial is in jeopardy, and, in light of the other interests involved, will not act pre-emptively, even to protect this most important constitutional right.  Therefore, Defendant's Motion will be **DENIED**.

An appropriate order shall issue.